IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LONZELL BROWN, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:22-CV-00571-ALM-CAN |
| v. | § | |
| | § | |
| CITY OF ANNA CITY HALL, ET AL., | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court are Defendants City of Anna's [Dkt. 11], Don Burton and Associates' [Dkt. 15], and Lee Lewis Construction, Inc.'s Motions to Dismiss [Dkt. 21]. Each of these Defendants move for dismissal, largely, on the premise that Plaintiff cannot assert Title VII claims against them, as Plaintiff has never been an employee of any of Defendants. Having considered the Motions, and all other relevant filings, the Court finds Plaintiff has failed to plausibly allege Defendants are or ever have been his "employer" and, thus, each of the referenced Motions to Dismiss should be **GRANTED**, as set forth herein.

**INTRODUCTION**

On July 7, 2022, *pro se* Plaintiff Lonzell Brown ("Plaintiff") initiated the instant action against Defendants "City of Anna City Hall" ("City of Anna"), Lee Lewis Construction, Inc. ("LLCI"), Quality Labor Management ("QLM"), Paramount Trade Solutions, LLC ("Paramount"), and Don Burton and Associates ("DB&A") for alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII") [Dkt. 1]. QLM has filed an answer to the claims; however, the remaining Defendants City of Anna, DB&A, LLCI (hereinafter, collectively "Defendants"), as well as Paramount, have each filed dispositive motions, asking the Court to

dismiss Plaintiff's claims.

## SUMMARY OF THE LIVE PLEADING

Plaintiff's original complaint asserts a claim under Title VII for employment discrimination, specifically that Plaintiff experienced race discrimination [Dkt. 1]. Plaintiff pleads he is Black, that on or around April 1, 2021, Defendants "under paid me on one of There job because They failed to post There policies so They [could] under pay people of color" [Dkt. 1 at 4]. Plaintiff continues that the Defendants "failed to post policies which led to under paying people of color" [Dkt. 1 at 4]; his civil cover sheet further states that his cause results from a "conspiracy to underpay people of color on a government job" [Dkt. 1-1 at 1]. For relief, Plaintiff seeks $500 million and "such relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees" [Dkt. 1 at 5]. Plaintiff asserts that, on December 10, 2021, he filed charges with the EEOC and received his right to sue letter around June 15, 2022 [Dkt. 1 at 3].

Attached to the complaint are Charge of Discrimination forms submitted by Plaintiff to the EEOC for each of Defendants DB&A [Dkt. 1-2 at 2-3], Paramount [Dkt. 1-2 at 4-5], LLCI [Dkt. 1-2 at 6-7], and QLM [Dkt. 1-2 at 8-9]. No Charge form is attached for Defendant City of Anna. Each of the Charge forms provided contains the same "particulars":

> PERSONAL HARM: a. Starting in or around January 2021, until my resignation in or around July 2021, I was paid approximately $24 dollars per hour while similarly situated non-Black individuals in the same position, performing the same job duties, were paid approximately $26 - $28 dollars per hour. Despite reporting this issue to management, no action was taken. b. Additionally, the government worksite where Respondent had placed me had no EEO notices posted informing employees of their rights and how to make reports of discrimination. RESPONDENTS REASON FOR ADVERSE ACTION: a. No reason given. b. No reason given. DISCRIMINATION STATEMENT: I believe that I have been discriminated against because of my race (Black), in violation of Title VII of the Civil Rights Act of 1964, as amended.

[Dkt. 1-2 at 2-9]. The Charge forms denote that Plaintiff alleges discrimination based on race,

occurring at the earliest January 1, 2021, and at the latest July 31, 2021 [Dkt. 1-2 at 2-8].

## CITY OF ANNA, LLCI, AND DB&A'S MOTIONS TO DISMISS

On August 9, 2022, Defendant City of Anna filed its Motion to Dismiss [Dkt. 11]. On August 11, 2022, DB&A [Dkt. 15] and LLCI filed their Motions to Dismiss [Dkt. 21]. Each of the Motions to Dismiss move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's claims on the basis that Plaintiff does not plead that any of these Defendants were employers of Plaintiff, and further, that there are no allegations these Defendants took any adverse action or otherwise discriminatory act against Plaintiff (requisite elements for a Title VII claim). DB&A argues Plaintiff's complaint should be dismissed for the additional reason that he has failed to plead exhaustion of his EEOC complaint [Dkt. 15 at 4-6]. Plaintiff filed a response to each of the Motions to Dismiss [Dkts. 25; 27; 28]. DB&A and LLCI filed replies [Dkts. 31; 32].

*Legal Standard*

A Rule 12(b)(6) motion to dismiss argues that the complaint fails to assert facts that give rise to legal liability of the defendant. *See* FED. R. CIV. P. 12(b)(6). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012) (citation omitted). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*,

594 F.3d 383, 387 (5th Cir. 2010) (citation omitted).[1]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (alterations in original) (quoting FED. R. CIV. P. 8(a)(2)). "[W]e do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Reynolds v. City of Commerce*, 853 F. App'x 978, 979 (5th Cir. 2021) (per curiam) (quoting *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020)). Relevant here, "regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *S. Christian Leadership Conference v. Sup. Ct. of the St. of La.*, 252 F.3d 781, 786 (5th Cir. 2001)).[2]

***Failure to Plausibly Plead an Employment Relationship***

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation,

---

[1] The Court takes judicial notice of the Charge of Discrimination Forms referenced earlier, which are attached to the complaint. "'Courts in this circuit have taken judicial notice of certain EEOC documents,' including EEOC charges." *Spann v. Frisco Indep. Sch. Dist.*, No. 419CV00603SDJCAN, 2020 WL 2167624, at *3 (E.D. Tex. Apr. 14, 2020) (collecting cases) (quoting *Thomas v. Esper*, No. 5:18CV110-RWS-CMC, 2019 WL 3026951, at *3 (E.D. Tex. May 22, 2019)), *report and recommendation adopted*, No. 4:19-CV-603, 2020 WL 2126423 (E.D. Tex. May 5, 2020).
[2] "[T]he Court [is] mindful that *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them." *McCastle v. United States*, No. 4:15CV420, 2016 WL 7496170, at *3 (E.D. Tex. Nov. 15, 2016), *report and recommendation adopted*, No. 4:15-CV-420, 2016 WL 7626595 (E.D. Tex. Dec. 30, 2016) (Mazzant, J.).

terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e–2(a)(1). Notably, Title VII requires that a plaintiff be an employee of the defendant. Here, Defendants City of Anna, DB&A, and LLCI each argue that Plaintiff has not pleaded sufficient facts to plausibly allege this threshold issue [Dkts. 11 at 3; 15 at 3-4; 21 at 2-3].[3] Indeed, each of City of Anna, DB&A, and LLCI affirmatively assert that they are not now, nor have they ever been, Plaintiff's employer. The City of Anna points out that, in his motion to proceed *in forma pauperis*, Plaintiff avers his employer is Paramount Trade Solutions [Dkt. 3]. City of Anna speculates that Plaintiff was likely employed by Paramount somewhere in the City of Anna to perform construction work [Dkt. 11 at 3].

"[T]he purpose of Title VII is to protect employees from their employers' unlawful actions." *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 178 (2011). A Title VII claim "cannot be brought against a non-employer." *McAdoo v. Texas*, 565 F. Supp. 2d 733, 738 (E.D. Tex. 2005). This is because Title VII only protects "the interests of those in employment relationships with the defendant." *Simmons v. UBS Fin. Servs., Inc.*, 972 F.3d 664, 669 (5th Cir. 2020). "For a defendant to be an 'employer' under Title VII, (1) the defendant must fall within the statutory definition, and (2) there must be an employment relationship between the plaintiff and the defendant."[4] *Nchotebah v. UTMB Corr. Managed Care*, No. 9:20-CV-00004-RC, 2020 WL 7053264, at *6 (E.D. Tex. Sept. 10, 2020) (footnote omitted) (citing *Deal v. State Farm Cty. Mut. Ins. Co.*, 5 F.3d

---

[3] Each Defendant points out this deficiency in the pleadings: the City of Anna argues, "Plaintiff does not allege that he was an employee of the City of Anna's—nor can he do so" [Dkt. 11 at 3]; DB&A urges, "while Plaintiff generally alleges some unspecified defendant discriminated against him in his employment, Plaintiff has not alleged that he was employed by DB&A itself" [Dkt. 15 at 3]; and LLCI similarly avers "Plaintiff was not—and has never been—employed by LLCI. This alone is fatal to Plaintiff's Complaint" [Dkt. 21 at 3]. The EEOC Charge forms attached to the complaint include the same information for DB&A and LLCI (no Charge form for City of Anna is in the record); the forms lack identifying facts plausibly alleging an employment relationship between Plaintiff and Defendants.

[4] Under Title VII, an "employer" must be in an industry affecting interstate commerce, have more than 15 employees, and can include governments, government agencies, and political subdivisions. 42 U.S.C. §§ 2000e(a), (b). Defendants do not directly contest whether they would be an "employer" under the statutory definition, instead moving for dismissal due to lack of any employment relationship.

117, 118 n.2 (5th Cir. 1993)), *report and recommendation adopted*, No. 9:20-CV-00004-RC, 2020 WL 6054400 (E.D. Tex. Oct. 14, 2020). Regarding the second prong of this inquiry,[5] the Fifth Circuit explains that the "most important component of this test is '[t]he right to control [the] employee's conduct.'" *Muhammad v. Dallas Cnty. Cmty. Supervision & Corr. Dep't*, 479 F.3d 377, 380 (5th Cir. 2007) (quoting *Deal*, 5 F.3d at 119). "When examining the control component," the Court "'focuse[s] on whether the alleged employer has the right' to hire, fire, supervise, and set the work schedule of the employee." *Id.* (quoting *Deal*, 5 F.3d at 119). "Courts also consider 'who paid the employee's salary, provided benefits, withheld taxes, and set the terms and conditions of employment.'" *Axmann v. US Anesthesia Partners Holdings, Inc.*, No. 3:22-CV-01635-N, 2023 WL 416420, at *2 (N.D. Tex. Jan. 25, 2023) (quoting *Pequeño v. Univ. of Tex. at Brownsville*, 718 F. App'x 237, 242 (5th Cir. 2018)). At the motion to dismiss stage, "[t]o maintain a claim under Title VII, the plaintiff must demonstrate an 'employment relationship' between the plaintiff and the defendant." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 391 (5th Cir. 2017) (citing *Deal*, 5 F.3d at 118-19).

Plaintiff's complaint does not demonstrate an employment relationship with any of the moving Defendants. His complaint does not state that he was an employee of the City of Anna,

---

[5] For Title VII claims, there are two general tests for determining whether an employment relationship exists: "Employer status under Title VII can be established under the 'single employer' test, *see Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983), or the 'hybrid economic realities/common law control' test, *see Deal v. State Farm County Mutual Insurance Co. of Texas*, 5 F.3d 117, 118–19 (5th Cir. 1993)." *Baker v. Aetna Life Ins. Co.*, 228 F. Supp. 3d 764, 770 (N.D. Tex. 2017). Here, the hybrid test applies because Plaintiff has sued multiple Defendants and the issue raised by the instant Motions asks whether Plaintiff is an employee of each Defendant. *See Powell v. Dallas Morning News L.P.*, 776 F. Supp. 2d 240, 248-49 (N.D. Tex. 2011) (citations omitted) (citing *Schweitzer v. Advanced Telemarketing Corp.*, 104 F.3d at 761, 764 (5th Cir. 1997)) ("The hybrid test should be used to determine if a plaintiff is an employee of the defendant or of one of the defendants in a multi-defendant case"), *aff'd sub nom. Powell v. Dallas Morning News, LP*, 486 F. App'x 469 (5th Cir. 2012). As the court in *Powell* more fully explains:
> According to the Fifth Circuit Court of Appeals, although *Trevino* and the hybrid test are similar, the tests are not interchangeable. . . . Then, if a question remains with respect to whether a second defendant is sufficiently connected to the employer-defendant to be deemed a single employer, the court should conduct a *Trevino* analysis. The *Trevino* analysis will establish if the additional defendant is also an employer of the plaintiff.

*Powell*, 776 F. Supp. 2d at 248-49 (citing *Schweitzer*, 104 F.3d at 764).

DB&A, or LLCI. Plaintiff's complaint instead constitutes "collective pleading," referencing or lumping Defendants together as a group, which is not sufficient to allege the specific named entities are Plaintiff's employer for purpose of Title VII. *See Dixon v. Primary Health Servs. Ctr.*, No. CIV.A. 10-1490, 2011 WL 1326841, at *2 (W.D. La. Mar. 3, 2011) (footnote omitted) ("Although plaintiff alleges that she was 'employed' by 'defendants,' she has not set forth facts to demonstrate that defendants, Tonore and PHSC Board of Directors, satisfied Title VII's statutory definition of 'employer.'"), *report and recommendation adopted*, No. CIV.A. 10-1490, 2011 WL 1298643 (W.D. La. Apr. 5, 2011).[6] To be clear, although the Court construes *pro se* pleadings liberally, the complaint contains no specific factual allegations regarding the City of Anna, DB&A, or LLCI that demonstrate an employment relationship is present, which is necessary to state a valid Title VII claim. *See Broussard v. L.H. Bossier, Inc.*, 789 F.2d 1158, 1159 (5th Cir. 1986) ("The issue for decision is whether the employment relationship presented here is one that Title VII protects."). Plaintiff's pleadings are insufficient to survive a Rule 12(b)(6) motion to dismiss. *See Body by Cook, Inc.*, 869 F.3d at 391 ("Nowhere in the Complaint, however, are there any allegations that Cook sought to work as an employee of State Farm . . . . Accordingly, the district court did not err in dismissing both of Cook's Title VII claims."); *see also Travis v. City of Grand Prairie*, 654 F. App'x 161, 166 (5th Cir. 2016) (affirming dismissal because "Travis's allegations of retaliation do not arise out of an employment relationship and thus are not cognizable under Title VII"); *Murray v. Porter*, No. CIV.A.2:02 CV 176, 2005 WL 1077638, at *2 (E.D. Tex. Apr. 29, 2005) (granting 12(b)(6) motion to dismiss because "the defendants are not 'employers' under the statute"), *report and recommendation adopted*, No. CIV.A. 2:02CV176, 2005 WL

---

[6] The complaint also variously references "defendants" plural, and "defendant," singular, without delineating the specific named defendant or defendants referenced, adding to the confusion and further precluding any finding that any one of Defendants plausibly is, or was, Plaintiff's employer.

1279255 (E.D. Tex. May 31, 2005).

In response to both DB&A's and LLCI's Motions, Plaintiff advocates that he should survive dismissal because he asserts a "[c]onspiracy [exists] to under pay people of color on a government job site" [Dkts. 27 at 1; 28 at 1]. DB&A rejoins that Plaintiff wholly ignores and fails to address DB&A's argument that it was never Plaintiff's employer, attempting instead "to distract the Court with new factual allegations" [Dkt. 31 at 2-5]. LLCI similarly argues that "Brown does not address the fact Lee Lewis is not his employer" [Dkt. 32]. The Court agrees; Plaintiff has not plausibly alleged that either DB&A or LLCI are his employer.[7]

In response to Defendant City of Anna's motion, Plaintiff states the "name is correct" because "City Hall is where all governing officials work from," citing the Davis-Bacon Act of 1935 for the proposition that there are "two control[l]ing entity's on government job's cite[:] contractor and general contractor" [Dkt. 25 at 1-2]. Plaintiff seemingly argues that the City of Anna, as the location where Plaintiff performed his work, had a "responsibility to make sure that wage[s] are posted" and policies exist "which indirectly state[] we are all employees of those entitys" [Dkt. 25 at 2]. Plaintiff provides no factual support for his allegations; these are legal

---

[7] Plaintiff's original complaint only asserts a claim under Title VII, and no conspiracy cause of action or related factual allegations can be found, and mere reference on the civil cover sheet is not part of the pleadings for the Court to consider. *See Good v. Kroger Texas, L.P.*, No. 4:13-CV-462-A, 2013 WL 3989097, at *2 (N.D. Tex. Aug. 5, 2013) ("the civil cover sheet is not a pleading and does not contain the certifications required by Rule 11 of the Federal Rules of Civil Procedure."). Plaintiff's response, to the extent it could be construed as an amendment, does not plausibly allege facts that would support a conspiracy claim. *See, e.g.*, *McLemore v. Walmart Inc. LLC Tex. Stores*, No. 4:18-CV-00689-ALM-CAN, 2020 WL 949206, at *4 (E.D. Tex. Jan. 31, 2020) (finding the plaintiff "has failed to demonstrate the requisite" conspiracy where the allegations have "not demonstrated anything aside from her subjective belief that Defendants... conspired together"), *report and recommendation adopted*, No. 4:18-CV-689, 2020 WL 923916 (E.D. Tex. Feb. 26, 2020); *Mays v. Bd. of Comm'rs Port of New Orleans*, No. CIV.A. 14-1014, 2015 WL 1245683, at *9 (E.D. La. Mar. 18, 2015) (footnotes omitted) ("the operative facts of an alleged conspiracy under § 1985(3) must be pled with specificity; conclusory allegations such as those present here lack the requisite specificity to support a conspiracy claim. Plaintiff has therefore failed to state a conspiracy claim upon which relief may be granted."). To the extent Plaintiff clarifies or newly asserts a claim under the Davis-Bacon Act, Defendants DB&A and LLCI argue this cannot salvage any failure to state a claim because the Act does not create any private cause of action [Dkts. 31 at 5; 32 at 3 & n.6]. *See Rogers v. U.S. Army*, No. CIV.A. H-06-1389, 2007 WL 1217964, at *12 (S.D. Tex. Apr. 23, 2007) ("the Davis-Bacon Act does not provide plaintiff a private right of action," dismissing the claim because "no matter how creative the choice of nomenclature, [it] is in reality a private claim for back wages under the Davis-Bacon Act, a statute that does not allow such a claim").

conclusions that are insufficient to defeat a Rule 12(b)(6) motion. No plausible factual allegations that suggest the City of Anna was Plaintiff's employer can be found in the complaint; as already stated, at best, Plaintiff infers the City of Anna was the location of a job site where he worked. This is insufficient to impute liability.[8] *See West v. ABM Indus.*, No. 3:19-cv-02822-X0BT, 2020 WL 5752935, at *4 (N.D. Tex. Aug. 17, 2020), *report and recommendation adopted*, No. 3:19-CV-2822-X-BT, 2020 WL 5748817 (N.D. Tex. Sept. 25, 2020). Without any factual allegations that the City of Anna had control over Plaintiff's work (such as the power to hire, fire, supervise, and set Plaintiff's work schedule), Plaintiff has not plausibly alleged the City of Anna is his employer. *See Dunn v. Phillips 66 Co.*, No. CV 17-12777, 2019 WL 585290, at *4-5 (E.D. La. Feb. 13, 2019) (citing *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2010)).

*Plaintiff Fails to Plead Requisite Elements of Prima Facie Case*

Defendants City of Anna, DB&A, and LLCI further urge that, even if they were "employers" (which they are not), Plaintiff fails to plead factual allegations related to the elements of a discriminatory pay claim [Dkt. 11 at 3-4; 15 at 3-4; 21 at 2-3]. "To make out a prima facie case of discrimination in compensation, a plaintiff must show that he was a member of a protected class and that he was paid less than a non-member for work requiring substantially the same responsibility." *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 522 (5th Cir. 2008) (citing *Uviedo v. Steves Sash & Door Co.*, 738 F.2d 1425, 1431 (5th Cir. 1984)). "At the motion to dismiss stage, 'a plaintiff need not submit evidence to establish the prima facie case for discrimination,' but '[]he must plead sufficient facts on all of the ultimate elements of the claim to

---

[8] Further, alleging a relationship between a general and a subcontractor is not the same as alleging an employment relationship, assuming *arguendo* that a general–subcontractor relationship exists between a direct employer and any of Defendants. *See, e.g.*, *Dunn v. Phillips 66 Co.*, No. CV 17-12777, 2019 WL 585290, at *4 (E.D. La. Feb. 13, 2019) (citing *Mendoza v. Essential Quality Constr.*, Inc., 691 F.Supp.2d 680, 685 (E.D. La. 2010)) ("However, it is important to note that the existence of a general contractor/subcontractor relationship does not establish joint employment.").

make [his] case plausible.'" *Hendrix v. iQor Inc.*, No. 3:20-CV-0437-N-BT, 2021 WL 3040776, at *5 (N.D. Tex. June 7, 2021) (quoting *Davis v. Tex. Health & Hum. Servs. Comm'n*, 761 F. App'x 451, 454 (5th Cir. 2019) (per curiam)), *report and recommendation adopted*, No. 3:20-CV-00437-N-BT, 2021 WL 3036949 (N.D. Tex. July 19, 2021); *Crankshaw v. City of Elgin*, No. 1:18-CV-75-RP, 2019 WL 3883565, at *10 n.10 (W.D. Tex. Jan. 14, 2019) (quoting *Stone v. La. Dep't of Revenue*, 590 F. App'x 332, 339 (5th Cir. 2014)) ("A plaintiff is thus 'not exempt from her obligation to allege facts sufficient to state all the *elements* of her claim.'") (cleaned up).

Plaintiff's complaint does not state the requisite elements, let alone offer plausible factual allegations in support of the required elements. Plaintiff's responses also do not allege any actions or inactions taken by Defendants, or otherwise allege they had any discriminatory intent toward Plaintiff related to his compensation. *See, e.g.*, *Knapper v. Lockheed Martin, Inc.*, No. 4:21-CV-01228-O-BP, 2022 WL 2282656, at *5 (N.D. Tex. Feb. 8, 2022), *report and recommendation adopted*, No. 4:21-CV-01228-O-BP, 2022 WL 2276899 (N.D. Tex. June 23, 2022). For this additional reason, Plaintiff's claims should be dismissed.[9]

*Failure to Exhaust*

DB&A argues that Plaintiff additionally fails to state a claim for relief under Rule 12(b)(6) because the complaint "fail[s] to allege or establish proper exhaustion of administrative remedies" [Dkt. 15 at 4-6]. More specifically, DB&A urges that "[w]ithout an allegation of when Plaintiff filed his charge or received notice of his right to sue against Defendant DB&A specifically, Defendant DB&A is left guessing as to whether Plaintiff timely filed his charge within 300 days

---

[9] In his response, Plaintiff makes vague reference to the Davis-Bacon Act, which again, does not provide a private cause of action, and other unpleaded claims [Dkts. 25 at 1; 27 at 1; 28 at 1]. Plaintiff asserts that "the relief he is asking for can be granted [] [b]ecause of Texas Civil practice and Remedies Code Section 74.301," providing "no cap on economic damages" [Dkts. 27 at 2; 28 at 2]. Defendant DB&A correctly points out these statutory damage thresholds are not relevant to the substantive claims alleged here [*See* Dkt. 31 at 3-4].

REPORT AND RECOMMENDATION – Page 10

of his claimed discriminatory act or even engaged in the exhaustion process in the first instance" [Dkt. 15 at 6]. "Before a plaintiff can file a suit in federal court alleging employment discrimination under Title VII, he must exhaust his administrative remedies." *Reed v. Fas Pac Store*, No. 7:18-CV-00164-O-BP, 2020 WL 853908, at *3 (N.D. Tex. Feb. 4, 2020), *report and recommendation adopted*, No. 7:18-CV-00164-O-BP, 2020 WL 833419 (N.D. Tex. Feb. 20, 2020). "The filing of an EEOC charge 'is a precondition to filing suit in district court.'" *Id.* (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). "Administrative exhaustion for Title VII claims is mandatory (but not jurisdictional), and courts will dismiss claims not properly exhausted." *Wiggins v. Golden Corral Corp.*, 802 F. App'x 812, 814 (5th Cir. 2020) (per curiam) (citation omitted) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002)). "Failure to exhaust is an affirmative defense that should be pleaded." *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 307 (5th Cir. 2018). "Although failure to exhaust is now an affirmative defense, it may be raised in a motion to dismiss when the grounds for the defense appear on the face of the complaint." *McClure-Soto v. Bexar Cnty.*, No. SA-21-CV-00660-JKP, 2022 WL 180279, at *3 (W.D. Tex. Jan. 18, 2022) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

Here, because Plaintiff attached the EEOC Charge form for DB&A to the complaint, the grounds for exhaustion appear on the face of the complaint and the Court may consider exhaustion at the motion to dismiss stage. *See id.* at *4 ("By attaching the EEOC administrative documents to the Complaint, a plaintiff makes those documents part of the Complaint, and the grounds for the affirmative defense appear on the face of the Complaint."). Plaintiff did not attach any right to sue letter from the EEOC related to his Charge against DB&A; thus, as to DB&A, the face of the complaint does not show Plaintiff has fully exhausted the administrative process. *See Ferdin v. Toyotetsu TTTX*, No. 5:18-CV-885-DAE, 2019 WL 12598992, at *4 (W.D. Tex. Apr. 8, 2019)

(quoting *Pinkard v. Pullman-Standard*, 678 F.2d 1211, 1218 (5th Cir. 1982)) ("A suit filed before receipt of a right to sue letter is premature and therefore 'subject to a motion to dismiss.'").

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned recommends that Defendants City of Anna's Motion to Dismiss [Dkt. 11], Don Burton and Associates' Motion to Dismiss [Dkt. 15], and Lee Lewis Construction, Inc.'s Motion to Dismiss [Dkt. 21] each be **GRANTED**.  Plaintiff's claims against these Defendants should be **DISMISSED** with prejudice.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 22nd day of February, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE