IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LONZELL BROWN, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:22-CV-00571-ALM-CAN |
| v. | § | |
| | § | |
| CITY OF ANNA CITY HALL, ET AL., | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendant Paramount Trade Solutions, LLC's Motion for Summary Judgment [Dkt. 13]. Paramount moves for dismissal, largely, on the premise that Plaintiff "simply did not work for [Paramount] during the time period that is at issue in this lawsuit" [Dkt. 13 at 1]. Having considered the Motion, Plaintiff's Response, Defendant's Reply, and all other relevant filings, the Court recommends Paramount Trade Solutions, LLC's Motion for Summary Judgment [Dkt. 13] be **GRANTED**, as set forth herein.

## INTRODUCTION

On July 7, 2022, *pro se* Plaintiff Lonzell Brown ("Plaintiff") initiated the instant action against Defendants "City of Anna City Hall" ("City of Anna"), Lee Lewis Construction, Inc. ("LLCI"), Quality Labor Management ("QLM"), Paramount Trade Solutions, LLC ("Paramount"), and Don Burton and Associates ("DB&A") for alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII") [Dkt. 1]. QLM has filed an answer to the claims; however, the remaining Defendants City of Anna, DB&A, LLCI, and Paramount (collectively, "Defendants"), have each filed dispositive motions, asking the Court to dismiss Plaintiff's claims.[1]

---

[1] City of Anna, DB&A, and LLCI each filed motions to dismiss, which the Court considered separately [Dkt. 34].

**SUMMARY OF THE LIVE PLEADING**

Plaintiff's original complaint asserts a claim under Title VII for employment discrimination, specifically that Plaintiff experienced race discrimination [Dkt. 1]. Plaintiff pleads he is Black, and that on or around April 1, 2021, Defendants "under paid me on one of There job because They failed to post There policies so They [could] under pay people of color" [Dkt. 1 at 4]. Plaintiff continues that Defendants "failed to post policies which led to under paying people of color" [Dkt. 1 at 4]; his civil cover sheet further states that his cause results from a "conspiracy to underpay people of color on a government job" [Dkt. 1-1 at 1]. For relief, Plaintiff seeks $500 million and "such relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees" [Dkt. 1 at 5]. Plaintiff asserts that, on December 10, 2021, he filed charges with the EEOC and received a right to sue letter around June 15, 2022 [Dkt. 1 at 3].

Attached to the complaint are Charge of Discrimination forms submitted by Plaintiff to the EEOC ("EEOC Charge") for each of Defendants DB&A [Dkt. 1-2 at 2-3], Paramount [Dkt. 1-2 at 4-5], LLCI [Dkt. 1-2 at 6-7], and QLM [Dkt. 1-2 at 8-9]. No EEOC Charge is attached for Defendant City of Anna; however, an email purporting to be a Notice of Right to Sue for Defendant City of Anna is provided [Dkt. 1-2 at 1]. Each of the EEOC Charge forms contains the same "particulars":

> PERSONAL HARM: a. ***Starting in or around January 2021, until my resignation in or around July 2021***, I was paid approximately $24 dollars per hour while similarly situated non-Black individuals in the same position, performing the same job duties, were paid approximately $26 - $28 dollars per hour. Despite reporting this issue to management, no action was taken. b. Additionally, the government worksite where Respondent had placed me had no EEO notices posted informing employees of their rights and how to make reports of discrimination. RESPONDENTS REASON FOR ADVERSE ACTION: a. No reason given. b. No reason given. DISCRIMINATION STATEMENT: I believe that I have been discriminated against because of my race (Black), in violation of Title VII of the Civil Rights Act of 1964, as amended.

[Dkt. 1-2 at 2-9] (emphasis added). Important to the instant Motion, both the live pleading and the attached EEOC Charge forms expressly denote that Plaintiff alleges discrimination based on race, occurring at the earliest on January 1, 2021, and at the latest on July 31, 2021.

## PARAMOUNT'S MOTION FOR SUMMARY JUDGMENT

On August 10, 2022, Paramount filed its Motion for Summary Judgment [Dkt. 13], on August 25, 2022, Plaintiff filed a response [Dkt. 26], and on September 2, 2022, Paramount filed a reply [Dkt. 30]. Paramount urges summary judgment is warranted because it was not Plaintiff's employer during the time at issue (specifically, January 2021 through July 2021), and therefore, it is not Plaintiff's "employer" for purposes of Title VII. Paramount also argues that, while it did employ Plaintiff at a much later date, any claim related to conduct outside the period from January 2021 through July 2021 falls outside of the scope of Plaintiff's EEOC Charge against Paramount. Finally, Paramount urges that certain of Plaintiff's allegations are time barred. Plaintiff rejoins that the pay stubs he proffers show Paramount was his employer at the relevant time, and that Paramount should still be liable even if it employed him at later dates. In reply, Paramount contends Plaintiff's pay stubs conclusively show it did not employ Plaintiff during the relevant period and that no genuine issue of fact remains in this cause.

## SUMMARY JUDGMENT EVIDENCE

Paramount submits the following summary judgment evidence in support of its Motion for Summary Judgment:

> Exhibit A: [Dkt. 13-1 at 1-3]: Affidavit of Thomas Stanton, Vice President of Human Resources, Paramount Trade Solutions, LLC (Aug. 10, 2022);
>
>> Exhibit 1 [Dkt. 13-1 at 4-5]: Lonzell Brown Online Applicant Report; and
>> Exhibit 2 [Dkt. 13-1 at 6-7]: Lonzell Brown Payroll History Report.

In response to Paramount's Motion for Summary Judgment, Plaintiff proffers the following:

Exhibit A [Dkt. 26-1]: Davis-Bacon Act, 40 U.S.C. §§ 3141-3148;

Exhibit B [Dkt. 26-2]: "Texas Civil Practice and Remedies Code Section 74.301", print out of website from chhlaw.com (no date);

Exhibit C [Dkt. 26-3]: Online printouts of searches for "Owner and General Contractor";

Exhibit D [Dkt. 26-4]: Copies of Earnings Statements for Brown, Lonzell, for weeks of September 19, 2021 through November 7, 2021;

Exhibit E [Dkt. 26-5]: Copies of Texas State Board of Plumbing Examiner, Apprentice Registration for Lonzell Brown, Expiration through March, 31, 2022, and March 31, 2023; and

Exhibit F [Dkt. 26-6]: Document showing "prevailing wage rate" of pay of $34.48 for "Plumbers and Pipefitters" for contracts subject to Davis-Bacon Act.

Neither Party raises any objection to the Court's consideration of the evidence presented.

*Undisputed Facts[2]*

The summary judgment evidence demonstrates that Plaintiff never worked for Paramount between January 2021 to July 2021. Plaintiff's employment with Paramount began on or around September 9, 2021, and continued through at least July 2022 [Dkt. 13 at 3].[3] Plaintiff submitted an online application with Paramount on or around September 9, 2021 [Dkt. 13-1 at 5]. Plaintiff's

---

[2] Only Paramount's motion includes a statement of facts [Dkt. 13 at 3-4]. Plaintiff does not provide a separate statement of undisputed facts [Dkt. 26]. The Local Rules of the Eastern District of Texas state, in relevant part:
> Response. Any response to a motion for summary judgment must include: (1) a response to the statement of issues; and (2) a response to the "Statement of Undisputed Material Facts." The responsive brief should be supported by appropriate citations to proper summary judgment evidence as set forth [in this rule].

Eastern District of Texas Local Rule CV-56(b). The Court presumes Plaintiff does not controvert the facts set out by Paramount, as further provided by Local Rule CV-56(c), which states:
> Ruling. In resolving the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the responsive brief filed in opposition to the motion, as supported by proper summary judgment evidence. The court will not scour the record in an attempt to unearth an undesignated genuine issue of material fact.

Local Rule CV-56(c).

[3] The Payroll History Report indicates it was generated and printed on August 2, 2022 [Dkt. 13-1 at 7], approximately one week before Paramount filed the instant Motion. Plaintiff's Payroll History shows he was still employed by and on the payrolls of Paramount as of July 7, 2022, the date he filed this lawsuit. Mr. Stanton further attests Plaintiff was currently employed as of August 10, 2022, the date of the affidavit proffered by Paramount [Dkt. 13-1 at 3].

REPORT AND RECOMMENDATION – Page 4

first pay period with Paramount began during the accounting period starting September 19, 2021 [Dkt. 13-1 at 7]. The same pay rate is shown for all pay periods: $24.00 per hour [Dkt. 13-1 at 7]. For the time when Paramount did employ Plaintiff, it maintained a payroll system whereby the employee reported their hours worked, which were approved by management, and that data was then sent to a payroll administrator to calculate Plaintiff's wages, payroll taxes and withholdings, and to issue the paycheck [Dkt. 13-1 at 3].

Prior to September 9, 2021, Plaintiff was not employed by Paramount, according to Thomas Stanton, who is the Vice President for Human Resources for Paramount [Dkt. 13-1 at 2]. Mr. Stanton specifically states that Paramount did not employ Plaintiff "at any point between January 2021 and July 2021" [Dkt. 13-1 at 2]. Relevant to the nature of the employment relationship between Plaintiff and Paramount, Mr. Stanton explains, "[s]ince Brown was not employed by Paramount prior to September 9, 2021, Paramount had no ability to pay him, terminate him, discipline him, or schedule him prior to that date" [Dkt. 13-1 at 2]. Before the date of employment, Paramount "did not pay Brown wages, did not withhold taxes or other withholdings, did not administer any benefits to Brown, and did not set any other term or condition of employment" for the period between January 2021 and July 2021 [Dkt. 13-1 at 2].

Plaintiff filed his Charge of Discrimination with the EEOC as to Paramount on April 30, 2022 [Dkt. 1-2 at 4]. Plaintiff identified the "date(s) discrimination took place" as January 1, 2021, at the "earliest" and July 31, 2021 at the "latest" [Dkt. 1-2 at 4]. Plaintiff's EEOC Charge form indicates that he was paid $24/hour up until "[his] resignation" in July of 2021 [Dkt. 1-2 at 4].

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses to help "secure the just, speedy and inexpensive determination of every action." *Nat'l*

*Cas. Co. v. Kiva Const. & Eng'g, Inc.*, 496 F. App'x 446, 449 (5th Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Certain Underwriters at Lloyd's, London v. Axon Pressure Prod. Inc.*, 951 F.3d 248, 255 (5th Cir. 2020) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The substantive law will identify which facts are material. This means only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Gibson v. Collier*, 920 F.3d 212, 219 (5th Cir. 2019) (citing *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 378 (5th Cir. 2019)) (cleaned up).

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Bucklew v. Precythe*, 139 S. Ct. 1112, 1131 (2019). When the movant does not bear the burden of proof at trial, the movant is entitled to summary judgment if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Gonzales v. ConocoPhillips Co.*, 806 F. App'x 289, 291 (5th Cir. 2020) (citing *Celotex*, 477 U.S. at 323). Once the movant has carried its burden, the nonmovant "must go beyond the pleadings and identify specific evidence in the record showing that there is a genuine issue for trial." *Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 307 (5th Cir. 2020). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Malbrough v. Stelly*, 814 F. App'x 798, 802 (5th Cir. 2020) (citing *Anderson*, 477 U.S. at 249-50). "[T]he

traditional leniency afforded to a *pro se* plaintiff does not excuse [Plaintiff] from his burden of opposing summary judgment through the use of competent summary judgment evidence." *Malcolm v. Vicksburg Warren Sch. Dist. Bd. of Trs.*, 709 F. App'x 243, 246 (5th Cir. 2017) (per curiam) (citing *Davis v. Fernandez*, 798 F.3d 290, 293 (5th Cir. 2015)) ("[T]his is not to say that *pro se* plaintiffs don't have to submit competent evidence to avoid summary judgment, because they do.").

## ANALYSIS

Title VII provides, in relevant part, that "it shall be an unlawful employment practice for an ***employer*** – []to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e–2(a)(1) (emphasis added).

### *No Employment Relationship With Paramount During Time Period Alleged in EEOC Charge*

Notably, "in order to state a Title VII claim, a plaintiff has the burden of providing that the defendant was [his] employer." *Tounkara v. KBR Inc.*, No. H-09-CV-2216, 2010 WL 3701315, at *3 (S.D. Tex. Sept. 14, 2010). Paramount argues the summary judgment evidence conclusively establishes that it had no employment relationship with Plaintiff during the time referenced in the complaint or alleged in the EEOC Charge, specifically from January 2021 through July 2021. Paramount argues Plaintiff is limited to litigating the period alleged in his EEOC Charge, and that no genuine issue of material fact exists that it did not employ Plaintiff during that time. Paramount contends its evidence proves Plaintiff did not apply for a position, and it did not employ him, until September 2021, well over a month after the relevant time. The pay stubs from Paramount that Plaintiff proffers wholly support this conclusion.

A Title VII claim "cannot be brought against a non-employer." *McAdoo v. Texas*, 565 F.

Supp. 2d 733, 738 (E.D. Tex. 2005). This is because Title VII only protects "the interests of those in employment relationships with the defendant." *Simmons v. UBS Fin. Servs., Inc.*, 972 F.3d 664, 669 (5th Cir. 2020). "For a defendant to be an 'employer' under Title VII, (1) the defendant must fall within the statutory definition, and (2) there must be an employment relationship between the plaintiff and the defendant."[4] *Nchotebah v. UTMB Corr. Managed Care*, No. 9:20-CV-00004-RC, 2020 WL 7053264, at *6 (E.D. Tex. Sept. 10, 2020) (footnote omitted) (citing *Deal v. State Farm Cty. Mut. Ins. Co.*, 5 F.3d 117, 118 n.2 (5th Cir. 1993)), *report and recommendation adopted*, No. 9:20-CV-00004-RC, 2020 WL 6054400 (E.D. Tex. Oct. 14, 2020). Regarding the second prong of this inquiry,[5] the Fifth Circuit explains that the "most important component of this test is '[t]he right to control [the] employee's conduct.'" *Muhammad v. Dallas Cnty. Cmty. Supervision & Corr. Dep't*, 479 F.3d 377, 380 (5th Cir. 2007) (quoting *Deal*, 5 F.3d at 119). "When examining the control component," the Court "'focuse[s] on whether the alleged employer has the right' to hire, fire, supervise, and set the work schedule of the employee." *Id.* (quoting *Deal*, 5 F.3d at 119). "Courts also consider 'who paid the employee's salary, provided benefits, withheld taxes, and set

---

[4] Under Title VII, an "employer" must be in an industry affecting interstate commerce, have more than 15 employees, and can include governments, government agencies, and political subdivisions. 42 U.S.C. §§ 2000e(a), (b). Paramount does not directly contest whether it would be an "employer" under the statutory definition, instead moving for summary judgment due to lack of any employment relationship.

[5] For Title VII claims, there are two general tests for determining whether an employment relationship exists: "Employer status under Title VII can be established under the 'single employer' test, *see Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983), or the 'hybrid economic realities/common law control' test, *see Deal v. State Farm County Mutual Insurance Co. of Texas*, 5 F.3d 117, 118–19 (5th Cir. 1993)." *Baker v. Aetna Life Ins. Co.*, 228 F. Supp. 3d 764, 770 (N.D. Tex. 2017). Here, the hybrid test applies because Plaintiff has sued multiple Defendants and the issue raised by the instant Motion asks whether Plaintiff is an employee of this Defendant. *See Powell v. Dallas Morning News L.P.*, 776 F. Supp. 2d 240, 248-49 (N.D. Tex. 2011) (citations omitted) (citing *Schweitzer v. Advanced Telemarketing Corp.*, 104 F.3d at 761, 764 (5th Cir. 1997)) ("The hybrid test should be used to determine if a plaintiff is an employee of the defendant or of one of the defendants in a multi-defendant case"), *aff'd sub nom. Powell v. Dallas Morning News, LP*, 486 F. App'x 469 (5th Cir. 2012). As the court in *Powell* more fully explains:
> According to the Fifth Circuit Court of Appeals, although *Trevino* and the hybrid test are similar, the tests are not interchangeable. . . . Then, if a question remains with respect to whether a second defendant is sufficiently connected to the employer-defendant to be deemed a single employer, the court should conduct a *Trevino* analysis. The *Trevino* analysis will establish if the additional defendant is also an employer of the plaintiff.

*Powell*, 776 F. Supp. 2d at 248-49 (citing *Schweitzer*, 104 F.3d at 764).

the terms and conditions of employment.'" *Axmann v. US Anesthesia Partners Holdings, Inc.*, No. 3:22-CV-01635-N, 2023 WL 416420, at *2 (N.D. Tex. Jan. 25, 2023) (quoting *Pequeño v. Univ. of Tex. at Brownsville*, 718 F. App'x 237, 242 (5th Cir. 2018)).

Here, Paramount's summary judgment evidence unequivocally establishes that it had no employment relationship with Plaintiff until September 2021. Plaintiff's online job application with Paramount was submitted on September 9, 2021 [Dkt. 13-1 at 5]. Plaintiff does not controvert that this is the date he sought employment from Paramount. The payroll evidence proffered by both Parties also shows that the earliest Paramount paid wages to Plaintiff was the September 19, 2021, pay period [Dkts. 13-1 at 7; 26-4 at 8]. To be clear, Plaintiff's own evidence, the earning statements provided in response to the Motion, corroborate that Paramount first began paying wages to Plaintiff during the September 19, 2021, pay period [Dkt. 26-4 at 8]. Plaintiff provides no pay stub for Paramount during the period alleged in the complaint, January 2021 through July 2021. Further, Mr. Stanton attests that "Paramount had no ability to pay [Plaintiff], terminate him, discipline him, or schedule him prior to" his September state date, and that consequently, it "did not pay Brown wages, did not withhold taxes or other withholdings, did not administer any benefits to Brown, and did not set any other term or condition of employment prior to September 9, 2021" [Dkt. 13-1 at 3]. Plaintiff does not challenge any of these sworn statements, nor does he proffer any evidence whatsoever that he had an employment relationship with Paramount between January and July of 2021. *See, e.g.*, *Hobdy v. Texas*, No. CIV.A.SA01CA0006 OG, 2002 WL 31422318, at *6 (W.D. Tex. Aug. 22, 2002) ("While the State of Texas would probably meet the statutory definition of 'employer' under Title VII, clearly there is no 'employment relationship'"). Rather, Plaintiff asserts as bare conclusion that working for Paramount "at a later date" means it "can still

be liable" [Dkt. 26 at 1].[6] Plaintiff is incorrect, as discussed more fully *infra*, and does not in any way controvert the summary judgment evidence that Paramount had no employment relationship with Plaintiff during the relevant time. *See Clark v. Jeter*, No. 9:09-CV-97, 2009 WL 10708331, at *4 (E.D. Tex. Oct. 14, 2009) ("Attempting to minimize the undisputed facts which demonstrate Jeter does not exercise control over her, Ms. Clark makes a number of conclusory allegations in her summary judgment response. Few of these allegations have any factual support. . . . Conclusory statements 'are not capable of sustaining ... [Ms. Clark's] burden on summary judgment.'").

In sum, the Court finds the uncontroverted summary judgment evidence shows Paramount was not Plaintiff's employer during the time relevant to his current Title VII claim and accordingly summary judgment should be granted. *See Jordan v. Ironworkers Loc. 263*, No. 4:21-CV-00715-O-BP, 2023 WL 1824194, at *3 (N.D. Tex. Jan. 20, 2023) (finding no employer relationship substantiated) ("Because Jordan fails to present sufficient summary judgment evidence to establish that Local 263, not the Trust, was his employer, his case should be dismissed because he did not sue the proper defendant."), *report and recommendation adopted*, No. 4:21-CV-00715-O-BP, 2023 WL 1823812 (N.D. Tex. Feb. 8, 2023); *see also Tipton v. Northrup Grumman Corp.*, 242 F. App'x 187, 190-91 (5th Cir. 2007) ("Plaintiffs' evidence certainly does not establish that there is a genuine issue of fact regarding the crucial question of whether NGC was the final decision-maker in connection with the employment matters about which Plaintiffs complain. We therefore hold that Plaintiffs did not meet their summary judgment burden and that the district court did not err in granting summary judgment for NGC on the basis that NGC is not a proper defendant.").

---

[6] To the extent Plaintiff implies any sort of joint-employer theory of liability, there cannot a joint-employer relationship where one of the purported joint entities is not an employer of Plaintiff at all [Dkt. 13 at 7 n.5]. "While the Fifth Circuit 'has on several occasions found employment status even though the defendant-employer had no control over *certain* aspects of the relationship,' it does not follow that someone who does not control *any* aspect of the employment relationship is an employer." *Gray v. Powers*, 673 F.3d 352, 357 (5th Cir. 2012).

***Plaintiff's Current Employment Is Unexhausted***

To the extent Plaintiff asserts that working for Paramount "at a later date" means it "can still be liable," or that he intended to assert a Title VII claim for the actions of Paramount after July 31, 2021, Paramount contends Plaintiff is constrained from doing so in the instant cause because plaintiffs in Title VII lawsuits are required to first exhaust their administrative remedies. *Reed v. Fas Pac Store*, No. 7:18-CV-00164-O-BP, 2020 WL 853908, at *3 (N.D. Tex. Feb. 4, 2020) ("Before a plaintiff can file a suit in federal court alleging employment discrimination under Title VII, he must exhaust his administrative remedies."), *report and recommendation adopted*, No. 7:18-CV-00164-O-BP, 2020 WL 833419 (N.D. Tex. Feb. 20, 2020).  Paramount is correct that "[t]he filing of an EEOC charge 'is a precondition to filing suit in district court.'" *Id.* (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)).  "Exhaustion means, not only that the charge is timely *filed* and the plaintiff has received a notice of [his] right to sue, but that the *scope* of the EEOC charge covers all of the plaintiff's allegations of discrimination." *Kamme O v. Texas A&M Univ.*, No. CV 17-3877, 2018 WL 11469607, at *6 (S.D. Tex. Nov. 30, 2018) (emphasis added). "The ninety-day limitations period is strictly construed against all litigants, and *pro se* litigants are not excused from abiding by the limitations period." *Reed*, 2020 WL 853908, at *3 (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002)).  "The charge enables the EEOC to investigate and, if appropriate, negotiate a resolution with an employer. Only after administrative efforts terminate may the employee sue the employer in federal court." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008).  "For this reason, the scope of the charge determines the scope of any subsequent litigation." *Gilbreath v. Brookshire Grocery Co.*, 400 F. Supp. 3d 580, 588 (E.D. Tex. 2019) (citing *McClain*, 519 F.3d at 273).  Where the scope of an EEOC Charge is defined by clear dates for when discrimination occurred, the EEOC's

investigation cannot reasonably be expected to "include an event that has not yet occurred.'" *Allen v. U.S. Dep't of Agric.*, No. 4:13-CV-00174-GHD, 2014 WL 4725366, at *7 (N.D. Miss. Sept. 23, 2014) (quoting *Sapp v. Potter*, 413 F. App'x 750, 752 (5th Cir. 2011) (per curiam)). Stated differently, when a plaintiff identifies a distinct period of time in an EEOC Charge, he or she is precluded from asserting new claims that allegedly occurred outside of that time period for the first time in a lawsuit. *See Ganheart v. Brown*, 740 Fed. App'x. 386, 390 (5th Cir. 2018) (*pro se* plaintiff precluded from asserting claims that occurred after the dates identified in charge).

Here, Plaintiff's EEOC Charge form for Paramount unambiguously defines the range of specific dates for when the alleged discriminatory pay occurred. Both in the box on the form for "date(s) discrimination took place" and in the narrative description of the "particulars," Plaintiff states that the discriminatory pay started in January 2021, and important here, ended in July 2021. On the EEOC Charge form, Plaintiff avers he "resign[ed] in or around July 2021" [Dkt. 1-2 at 2]. Plaintiff claims in his Response that he "work[ed] for them at a later date[,] so Paramount thus can still be liable" [Dkt. 26 at 1]. This misunderstands the purpose of exhaustion. Plaintiff may have a right to assert claims against Paramount based on his later employment with them in September 2021, but Plaintiff may not bring a Title VII claim until 90 days after the filing of an EEOC Charge, and any claims that he may have based on his September 2021 employment are not within the scope of the current EEOC Charge. *See Jennings v. Watson*, No. 3:17-CV-3040-S-BK, 2019 WL 4359376, at *3 (N.D. Tex. July 9, 2019) (granting summary judgment) ("Plaintiff's discrimination claims did not grow out of the First Charge, which expressly constrained her discrimination and retaliation allegations to May 26, 2016, and which predated all of the alleged discriminatory actions alleged in the amended complaint"), *report and recommendation adopted*, No. 3:17-CV-3040-S-BK, 2019 WL 4319056 (N.D. Tex. Sept. 12, 2019), *aff'd sub nom. Jennings v. Towers*

*Watson*, 11 F.4th 335 (5th Cir. 2021); *see also McClure-Soto v. Bexar Cnty.*, No. SA-21-CV-00660-JKP, 2022 WL 180279, at *4 (W.D. Tex. Jan. 18, 2022) ("even with [a] broad construction, a cause of action which relies upon factual allegations that exceed the factual story and allegations within the EEOC Charge and the investigation that reasonably grows from it" may be dismissed for "failure to exhaust administrative remedies.").

### *Claims Before July 5, 2021, Are Time Barred*

"The 300–day filing period is not jurisdictional, but rather is more akin to and operates as a limitations period." *Stith v. Perot Sys. Corp.*, No. CIV.A. 302CV1424D, 2004 WL 690884, at *3 (N.D. Tex. Mar. 12, 2004), *aff'd*, 122 F. App'x 115 (5th Cir. 2005). "Generally, the limitations period begins on the date the discriminatory act occurred, and a plaintiff cannot sustain [his] claims based on incidents that occurred more than 300 days before the filing of a charge of discrimination." *Petry v. Texas Dep't of Crim. Just.*, No. 1:18-CV-373, 2021 WL 9881458, at *4 (E.D. Tex. Apr. 28, 2021). "Each discrete discriminatory act starts a new clock for filing charges alleging that act." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Id.* Paramount argues that "[s]ince Brown filed his EEOC charge on April 30, 2022, anything that occurred before July 4, 2021 is time-barred" [Dkt. 13 at 2 n.3]. Any discriminatory pay alleged to have occurred prior to that time is thus outside the limitations period and should be barred. The Court agrees—300 days prior to the date Plaintiff filed the EEOC Charge is July 5, 2021.[7] Plaintiff does not respond to this argument. Summary judgment should be granted because there is no genuine issue of fact that the discriminatory pay allegations in the EEOC Charge from January 1, 2021 through July 5, 2021 are time barred by the 300 day claim

---

[7] Because the 300th day falls on a Sunday, Plaintiff's filing with the EEOC would have been due the next business day, Monday, July 5, 2021.

filing rule. *See Teague v. Omni Hotels Mgmt. Corp.*, No. A-19-CV-00940-JRN, 2020 WL 7680547, at *5 (W.D. Tex. Nov. 24, 2020) (granting summary judgment for failure to exhaust where the "Plaintiff does not respond to this portion of the motion").

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned recommends that Defendant Paramount Trade Solutions, LLC's Motion for Summary Judgment [Dkt. 13] be **GRANTED**, and Plaintiff's claims against it should be **DISMISSED WITH PREJUDICE.**

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 24th day of February, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE