**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| LONZELL BROWN, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:22-CV-00571-ALM- |
| v. | § | AGD |
| | § | |
| CITY OF ANNA, ET AL., | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the court are Defendant Quality Labor Management's ("QLM") Motion to Compel Discovery Responses and Document Production (Dkt. #80) and Motion for Summary Judgement (Dkt. #81). Having reviewed the Motions and all other relevant filings, the court recommends that QLM's Motion for Summary Judgement (Dkt. #81) be granted. The court further recommends that QLM's Motion to Compel Discovery Responses and Document Production (Dkt. #80) be denied as moot.

**BACKGROUND**

*Factual History*

QLM is a company that provides staffing services to employers (Dkt. #81 at p. 6). *Pro se* Plaintiff Lonzell Brown ("Brown") is an apprentice level plumber (Dkt. #81 at p. 7). In 2013, QLM hired Brown as an at-will employee to provide intermittent entry level plumbing services (Dkt. #81 at p. 7). In late 2017, QLM hired Brown to provide plumbing services to Polk Mechanical and Polk Fab Shop at an hourly wage of $19.00 per hour (Dkt. #81 at p. 7). Brown completed the Polk assignment in January 2018 (Dkt. #81 at p. 7). Between 2018 and 2021, QLM hired Brown for the following assignments:

- September 2018–October 2018: Brown provided services to Texas Rangers Stadium / TD Industries with a rate of pay of $20.00 per hour.
- August 2019–November 2019: Brown provided plumbing services to Midlothian Medical Center / Polk Mechanical with a rate of pay of $18.00 per hour.
- March 2021: Brown provided plumbing services to ERC / Polk Mechanical with a rate of pay of $24.00 per hour.
- March 2021: Brown provided plumbing services to DBA Independent Financial Project / Don Burden & Associates with a rate of pay of $24.00 per hour.
- March 2021–September 2021: Brown provided plumbing services to Anna Municipal Building / Don Burden & Associates with a rate of pay of $24.00 per hour.

(Dkt. #81 at p. 7). In March 2021, Brown texted Ross Hager, the QLM Branch Manager for Arlington, Texas, and asked how much Brown was being paid for the Don Burden & Associates job (Dkt. #81 at p. 7). Hager responded that the pay would be $24.00 per hour to which Plaintiff responded, "thank you." (Dkt. #81 at p. 7). In September 2021, Brown texted Hagar and requested to be paid $26.00 per hour, to which Hagar responded that, per industry practice, the rate would have to be approved by Don Burden & Associates (Dkt. #81 at p. 8). On September 22, 2021, after the City of Anna job was completed, Hager offered Brown further employment, but Brown ultimately took employment elsewhere (Dkt. #81 at p. 8).

### *Procedural History*

According to Brown's Complaint, on December 10, 2021, Brown filed charges with the Equal Employment Opportunity Commission against Defendants City of Anna, Lee Lewis Construction, Inc., QLM, Paramount Trade Solutions, LLC, and Don Burton and Associates ("Defendants") for alleged violations of Title VII of the Civil Rights Act of 1964 (Dkt. #1 at p. 3). On June 15, 2022, Brown alleges that he received a Notice of Right to Sue from the Equal Employment Opportunity Commission (Dkt. #1 at p. 3). On July 7, 2022, Brown initiated the instant action against Defendants, alleging that he experienced race discrimination during his

employment (Dkt. #1). Specifically, Brown alleges he was underpaid, and that Defendants failed to post policies in order to underpay people of color (Dkt. #1 at p. 3). In February 2023, the court recommended dismissal of Brown's claims against Defendants City of Anna, Lee Lewis Construction, Inc., Paramount Trade Solutions, LLC, and Don Burton and Associates (Dkt. #34; Dkt. #35). On March 20, 2023, the District Court adopted the court's recommendation and dismissed Brown's claims against Defendants City of Anna, Lee Lewis Construction, Inc., Paramount Trade Solutions, LLC, and Don Burton and Associates with prejudice (Dkt. #41; Dkt. #42). On April 6, 2023, Brown appealed the District Court's decision to the United States Court of Appeals for the Fifth Circuit (Dkt. #48). On April 11, 2023, Brown filed a Motion for New Trial (Dkt. #50), which the court denied (Dkt. #69). On August 15, 2023, Brown filed a Motion for Leave to File Amended Complaint (Dkt. #71), which the court denied because the Motion was untimely, and Brown did not demonstrate good cause to file an amended complaint (Dkt. #84). On December 21, 2023, the Fifth Circuit affirmed the decision of the District Court (Dkt. #82). Accordingly, QLM is the only remaining defendant.

### *Motion for Summary Judgment*

On November 10, 2023, QLM filed a Motion for Summary Judgment, arguing that because of the "lack of evidence and Plaintiff's admission that discrimination did not occur, Plaintiff cannot establish a *prima facie* case of discrimination based on race." (Dkt. #81 at 5). Specifically, QLM argues that Brown stated in his deposition that Brown was not suing for discrimination, nor was he discriminated against (Dkt. #81 at pp. 8–9). Instead, QLM alleges that Brown is only suing QLM under the Davis-Bacon Act, which Brown asserted for the first time in his proposed Amended Complaint (Dkt. #81 at p. 9), for which the court denied leave to amend (Dkt. #84). Further, QLM argues that Brown has no witnesses to the alleged discrimination, Brown did not

report any instance of discrimination to QLM, and Brown is unable to identify any comparators (Dkt. #81 at pp. 8–9). Although the court ordered Brown to respond to QLM's Motion for Summary Judgement and Motion to Compel Discovery, (Dkt. #83), to date, Brown has not responded.[1]

## SUMMARY JUDGMENT STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses to help "secure the just, speedy and inexpensive determination of every action." *Nat'l Cas. Co. v. Kiva Const. & Eng'g, Inc.*, 496 F. App'x 446, 449 (5th Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)). Summary judgment is proper if the pleadings, discovery, and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Certain Underwriters at Lloyd's, London v. Axon Pressure Prods. Inc.*, 951 F.3d 248, 255 (5th Cir. 2020) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The substantive law will identify which facts are material. This means only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Gibson v. Collier*, 920 F.3d 212, 219 (5th Cir. 2019) (citing *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 378 (5th Cir. 2019)) (cleaned up).

The party moving for summary judgment has the burden to show that there is no genuine

---

[1] The court's January 28, 2024, Order directing Brown to file responses to QLM's Motion to Compel and Motion for Summary Judgment was sent to Brown via certified mail. The mail was returned to the court on February 26, 2024, marked "return to sender, unclaimed, unable to forward." (Dkt. #86). The court also sent the Order to Brown's listed address via first class mail on February 13, 2024. The court notes that Brown listed the same address on the recently filed Joint Final Pre-Trial Order (Dkt. #88 filed on February 27, 2024).

dispute as to any material fact and that it is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Certain Underwriters at Lloyd's*, 951 F.3d at 255. When the movant does not bear the burden of proof at trial, the movant is entitled to summary judgment if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Gonzales v. ConocoPhillips Co.*, 806 F. App'x 289, 291 (5th Cir. 2020) (citing *Celotex*, 477 U.S. at 323). Once the movant has carried its burden, the nonmovant "must go beyond the pleadings and identify specific evidence in the record showing that there is a genuine issue for trial." *Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 307 (5th Cir. 2020). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Malbrough v. Stelly*, 814 F. App'x 798, 802 (5th Cir. 2020) (citing *Anderson*, 477 U.S. at 249-50). The court need only consider the record materials cited by the parties. FED. R. CIV. P. 56(c)(3). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quotations omitted).

## SUMMARY JUDGMENT EVIDENCE

QLM submits the following evidence in support of its Motion for Summary Judgment:

**Exhibit 1**: QLM Literature (Dkt. #81, Appendix at pp. 1–11)

**Exhibit 2**: Declaration of Jennifer Correia (Dkt. #81, Appendix at pp. 11–13)

**Exhibit 3**: QLM Team Member Handbook – 2022 (Dkt. #81, Appendix at pp. 15–16)

**Exhibit 4**: QLM Job Documentation (Dkt. #81, Appendix at p. 17)

**Exhibit 5**: Brown Texas State Board of Plumbing Certification (Dkt. #81, Appendix at p. 18)

**Exhibit 6**: Brown Deposition Transcript (Dkt. #81, Appendix at pp. 19–50)

**Exhibit 7**: Brown QLM Paystubs (Dkt. #81, Appendix at pp. 51–97)

**Exhibit 8**: Screenshot of Text Messages with Brown (Dkt. #81, Appendix at p. 98)

**Exhibit 9**: Declaration of Brooke Bahlinger (Dkt. #81, Appendix at pp. 99–100)

**Exhibit 10**: Screenshot of Text Messages with Brown (Dkt. #81, Appendix at p. 101).

## ANALYSIS

Brown cannot establish a *prima facie* case of discrimination against QLM, and as such, there is no genuine dispute of material fact. Accordingly, the court recommends that QLM's Motion for Summary Judgement (Dkt. #81) be granted.

### Brown cannot establish a prima facie case of discrimination against QLM.

"To make out a *prima facie* case of discrimination in compensation, a plaintiff must show that he was a member of a protected class and that he was paid less than a non-member for work requiring substantially the same responsibility." *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 522 (5th Cir. 2008) (citation omitted).  Specifically, "[a]n individual plaintiff claiming disparate treatment in pay under Title VII must show that his circumstances are nearly identical to those of a better-paid employee who is not a member of the protected class." *Id.* at 523 (citation omitted). Under the *McDonnell Douglas* framework, "[o]nce shown, a plaintiff's *prima facie* case creates an inference of . . .discrimination, which the employer is required to rebut with a legitimate non-discriminatory reason for the pay disparity." *Id.* (citation omitted). If the employer provides a rebuttal, "the burden shifts back to the plaintiff to establish that the employer's stated reason is pretextual." *Id.* (citation omitted).

Here, neither Party disputes that Brown is a member of a protected class by way of his race (Dkt. #1 at p. 4; Dkt. #81 at p. 12). However, Brown has not shown that "he was paid less than a non-member for work requiring substantially the same responsibility." Brown did not respond to QLM's Motion for Summary Judgement, and as such, under the Local Rules, there is "a presumption that [Brown] does not controvert the facts set out by [QLM] and has no evidence to offer in opposition to the motion." Local Rule CV-7(d).[2] Furthermore, Brown's deposition reveals only one employee, Edie De Santiago, who was also an apprentice plumber employed by QLM (Dkt. #81 at p. 14). Brown asserted that De Santiago was paid $26.00 per hour while Brown was paid $24.00 per hour (Dkt. #81, Appendix at p. 36). However, Brown does not elaborate as to how Brown's "circumstances are nearly identical to those of a better-paid employee[.]" And, beyond Brown's testimony, there is no evidence on the record that demonstrates how much Brown's peers were being paid, whether members of a protected class or not. In any event, QLM correctly notes that Brown testified at his deposition that QLM did not discriminate against him (Dkt. #81 at pp. 8–9; Appendix at pp. 35–36). Rather, Brown testified that QLM violated the Davis-Bacon Act (Dkt. #81 at pp. 8–9; Appendix at pp. 35–36). Brown attempted to raise the Davis-Bacon Act by belatedly moving to amend his Complaint, but the court denied Brown's Motion for Leave to Amend because Brown's Motion was untimely and did not demonstrate good cause to file such an amendment (Dkt. #84). As such, Plaintiff has not carried his burden to demonstrate compensation discrimination, and QLM's Motion for Summary Judgment (Dkt. #81) should be granted.

---

[2] *See also* Local Rule CV-56(c) ("[T]he court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the responsive brief filed in opposition to the motion, as supported by proper summary judgment evidence. The court will not scour the record in an attempt to unearth an undesignated genuine issue of material fact.").

**CONCLUSION AND RECOMMENDATION**

The court recommends that QLM's Motion for Summary Judgement (Dkt. #81) be **GRANTED**. The court further recommends that QLM's Motion to Compel Discovery Responses and Document Production (Dkt. #80) be **DENIED as moot**. The court finally recommends that *pro se* Plaintiff Lonzell Brown's claims be **DISMISSED WITH PREJUDICE.**

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 12th day of March, 2024.**

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE